15862.  KEEN *v.* NEW AMSTERDAM CASUALTY COMPANY *et al.*

JENKINS, P. J.  The claimant workman was employed by a partnership at a garage as an acetylene welder and automobile mechanic, at a stated salary per week and so much per hour for extra work in the automobile line outside of welding. While he was engaged in the work of his employment and was asking instructions from one of his employers with reference to a job in the shop, a customer talking with this employer, and, so far as indicated, without altercation or provocation other than because of irritation at the refusal of the employer to do, without

further charge, additional work on a car, under a bill previously paid by the customer, drew a pistol, and, after the claimant workman had cried out a warning to his employer of the impending danger, and after the employer had started to drop or fall out of the way, shot at the employer and wounded him on the side of the head, and immediately fired at and wounded the claimant, and then shot at the other employer in the garage. The industrial commissioner hearing the case, and the full industrial commission on review, found for the claimant. The commission found that the assailant had no possible grudge against the claimant, and simply shot him after he had wounded the employer because he was standing close to him and because the claimant had made an exclamation when the assailant was about to shoot the employer. The superior court, on appeal by the insurance carrier, reversed this award and adjudged that the claimant "did not receive his injuries as a result of his employment," and that they "did not grow out of said employment as a proximate or contributory cause." *Held:*

1. The Georgia workmen's compensation act, in common with similar provisions in other jurisdictions, as originally enacted, allowed compensation for injuries only in case of "accident arising out of and in the course of the employment," and excluded "injury caused by a wilful act of a third person directed against an employee for reasons personal to such employee or because of his employment." Ga. L. 1920, sec. (d), pp. 169, 170; 28 R. C. L. 796.

   (a) Under the facts and circumstances disclosed by the record, the commission would not have been authorized to find even that the assault was directed against the claimant for reasons personal to him.

   (b) Although the amendatory act of 1922, striking the words "or because of his employment," was enacted subsequent to the date of the injury, the purpose of this amendment was merely to clarify by legislation what had already been made plain by judicial construction. The fact that the injury is the result of the wilful or criminal assault of a third person upon an employee while engaged in the work of his employment does not necessarily prevent the injury from being accidental, within the meaning of the compensation act; nor was the commission compelled to find, because of the fact of such employment, that the assailant, with knowledge thereof, was actually moved to commit the assault "because of his employment." Under the facts and circumstances disclosed by the record, they were fully authorized to find that the injury to the claimant was occasioned, not because of the mere fact that such relationship of employer and employee existed, but by reason of his presence when the assault upon his employer was made, and especially on account of his acts and conduct in protecting the life of his employer and the interest of his employment. *Pinkerton Detective Agency* v. *Walker*, 157 *Ga.* 548, 553-555 (122 S. E. 202, 35 A. L. R. 557).

2. Under the facts and circumstances disclosed by the record, the commission was further authorized, if not compelled, to find (as seems to be conceded) that the injury arose "in the course of" the claimant's employment, since it occurred at a time and place when and where he

was not only engaged in the work of his employment in a legal sense, but when and where he was actually and actively engaged in the performance of his ordinary duties. 28 R. C. L. 801, § 91; 4 R. C. L. Supp. 1856, § 91. They were likewise authorized to find that the injury arose "out of" the employment. Because of the claimant's presence as an employee at the time and place the assault upon the employer was perpetrated on account of the conduct of the business, and especially because the assault upon the claimant might have been occasioned by his proper and active intervention to protect the interest of the employment against a trespass arising out of its ordinary conduct and committed in his presence, including the life of his employer with whom the claimant was then and there personally engaged in the conduct of his duties, the commission was authorized to find that the injury to the claimant was such an occurrence as might have been reasonably contemplated by the employer as a risk naturally incident to the nature of the employment, or at least was such an injury as, after the event, might be seen to have had its origin in a risk connected with the business of the employment, and to have arisen out of and flowed from this source as a natural consequence. 1 Honnold on Workmen's Compensation, 408, 409; in re McNichol, 215 Mass. 497 (102 N. E. 697, 1916A L. R. A. 306, 307); 28 R. C. L. 797; *Pinkerton Detective Agency* v. *Walker,* supra; 30 *Ga. App.* 91, 95 (117 S. E. 281). The rule would be and has been held to be different, under a variety of circumstances, where the assault upon the claimant was not incident to but was altogether casual to the employment, and did not have its origin in and naturally flow from the conduct of the business, or where, although the assault did originate in the course of the business, it was directed against the employer or a coemployee, and the claimant was not himself subjected to the risk as a natural incident to his presence and employment. *Ga. Casualty Co.* v. *Martin,* 157 *Ga.* 909, 910 (122 S. E. 881); Mitchinson *v.* Day, I K. B. 603; Murphy *v.* Berwick, 43 Ir. Law Times, 126; L. R. A. 1916A, 308-310, case notes. In these cases the assault was perpetrated either by robbers, drunken or insane persons, or by persons engaged in rowdyism or "horse-play," whose acts did not originate in and were in no wise connected with the actual conduct of the business in which the claimant was employed, or else the claimant, although he might have been otherwise and elsewhere engaged in the master's business, was not actually present when the assault growing out of the conduct of the business was made upon his employer or coemployee, so as to be naturally subjected to the risk of the initial assault, and did not afterwards participate therein in the line of his own duty and obligation as an employee. An injury is "due to the employment not only when the risk incurred is directly involved in the employment itself, but when involved in the general scope of the employment, or in an act performed by the employee in the general line of his duty to his employer, as where he attempts to save the life of or rescue a coemployee who is placed in danger while engaged in his employment." 1 Honnold on Workmen's Compensation, pp. 415, 416. Thus, if the original assault growing out of the conduct of the business had been perpetrated upon the claimant himself during the course of his employ-

ment, it might properly have appeared, after the event, to have had its origin in a risk connected with the employment, and to have flowed from that source as a natural consequence; and the same rule should apply where the claimant employee, while engaged in the performance of his duties, is actually and properly present when an assault growing out of the conduct of the business is made upon his employer, and the claimant, on account of his presence as such employee and because of his actual and proper participation in the event, is included in the assault. See also Yume v. Knickerbocker Portland Cement Co. (N. Y.), 169 App. Div. 905 (153 N. Y. Supp. 1151) ; Rudder v. Ocean Shore R. Co., 1 Cal. I. A. C. Dec. 209; Craycroft v. Craycroft-Herrold Brick Co., 2 Cal. I. A. C. Dec. 654; State ex rel. Anseth v. Dist. Court (Minn.), 158 N. E. 713; Trim Joint Dist. School v. Kelly, 7 B. W. C. C. 274, H. L.; 1 Honnold on Workmen's Compensation, 437, 438, and cases cited there and on pages 435, 439; 28 R. C. L. 808-811 and citations; 4 R. C. L. Supp., citations, pp. 1856, 1860-1863; 1 Schneider on Workmen's Compensation Law, 710-733 and citations.

Judgment reversed.  Stephens and Bell, JJ., concur.

DECIDED AUGUST 21, 1925.

Appeal; from Bibb superior court—Judge Mathews.  July 31. 1924.

Application for certiorari was denied by the Supreme Court.

R. D. Feagin, J. F. Urquhart, for plaintiff.

Brock, Sparks & Russell, for defendants.