## 54857. JACKSON v. GEORGIA BUILDING AUTHORITY.

BIRDSONG, Judge.

Workmen's compensation. On August 2, 1972, appellant was granted a lump sum award on his workmen's compensation claim. On June 21, 1976, appellant requested a hearing to determine appellant's right to future medical expenses in the event it could be shown that the medical expenses were related to the 1971 injury, the same injury for which the appellant was paid lump sum benefits in 1972. The administrative law judge construed Code Ann. § 114-417 to mean the lump sum award terminated wage and medical benefits. The administrative law judge award was affirmed by the full board and the superior court.

This is a case of first impression in this state. Appellant asks this court to construe Code Ann. § 114-417 to mean that a lump sum award relates only to wage

benefits and not medical benefits. In this state, when a claimant files for benefits under the workmen's compensation law, he is entitled to his claim not only to benefit for lost wages but also specified medical benefits. Code Ann. § 114-417 in part reads as follows: "Where such lump sum award has been made, the same shall constitute a complete and final disposition of *all claims* on account of the incident, injury or injuries giving rise to the claim, where both parties are represented by counsel, and the board shall not be authorized to enter any award subsequent thereto amending, modifying or changing in any manner the amount of compensation payable on account of such incident, injury or injuries, nor shall the award thereafter be subject to review of the Board under section 114-709." (Emphasis supplied.)

The phrase "all claims" is an unambiguous phrase. This court construes the meaning of "all claims" in Code Ann. § 114-709 to mean all claims for wage benefits and medical benefits. Appellant's contention is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 3, 1977 — DECIDED DECEMBER 5, 1977.

*Charles B. Rice, Alford Wall,* for appellant.

*Arthur K. Bolton, Attorney General, G. Thomas Davis, Special Assistant Attorney General,* for appellee.