56950. PURDY v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al.

SMITH, Judge.

In this workers' compensation case, a claim for rehabilitation benefits was denied on the ground that a previously awarded lump-sum settlement precluded further compensation. We do not concur with any of the appellant's reasons why the lump-sum settlement should not preclude further compensation; hence, we affirm.

The claimant here entered into a compensation agreement and thereafter requested a lump-sum settlement as well as rehabilitation benefits. The request for rehabilitation benefits was denied, and the claimant obtained an attorney to prosecute an appeal of that denial. While the appeal was pending, the request for lump-sum settlement, which had been agreed to by the insurer, was granted, and notice thereof was sent to the plaintiff's attorney. No appeal was taken, and the lump-sum payment was accepted by the claimant. At the time, Code § 114-417 read in part, "Where such lump sum award has been made, the same shall constitute a complete and final disposition of all claims on account of the incident, injury or injuries giving rise to the claim, where both parties are represented by counsel, and the board shall not be authorized to enter any award subsequent thereto amending, modifying, or changing in any manner the amount of compensation payable on account of such incident, injury, or injuries, nor shall the award thereafter be subject to review by the board." Since the award was made at a time the claimant was represented by an attorney, and since the attorney was notified of the award, we do not agree with the contention that the above provision is inapplicable here. The various attacks on the propriety of the lump-sum award should have been raised in a timely appeal from that award, not here. Code § 114-710. The Code § 114-417 preclusion, supra, has plainly foreclosed *all* subsequent claims. *Jackson v. Ga. Bldg. Auth.,* 144 Ga. App. 275 (241 SE2d 54) (1977). For

these reasons, the board's refusal further to consider the request for rehabilitation benefits was not error.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED NOVEMBER 14, 1978 — DECIDED FEBRUARY 1, 1979.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellant.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellees.