61810. ATHA v. JACKSON ATLANTA, INC. et al.

CARLEY, Judge.

The question presented for resolution in the instant workers' compensation case is which statute, former Code Ann. § 114-417 or the law which repealed and replaced it, is applicable. Former Code Ann. § 114-417 provided in relevant part: "Where [a] lump sum award has been made, the same shall constitute a complete and final disposition of *all claims* on account of the incident, injury or injuries giving rise to the claim, where both parties are represented by counsel, and the board shall not be authorized to enter any award subsequent thereto amending, modifying, or changing in any manner the amount of compensation payable on account of such incident, injury, or injuries, nor shall the award thereafter be subject to review by the Board under section 114-709." (Emphasis supplied.) In *Jackson v. Ga. Building Authority,* 144 Ga. App. 275 (241 SE2d 54) (1977) the phrase "all claims" was held to be unambiguous. This former statute was therefore construed as barring *all* subsequent workers' compensation claims, whether medical or wage benefits, if there had been a prior lump sum award made to the claimant. *Jackson,* 144 Ga. App. at 276, supra.

Subsequent to the decision in *Jackson,* former Code Ann. § 114-417 was stricken in its entirety and replaced, effective July 1, 1978, by Ga. L. 1978, pp. 2220, 2226. Subsection (a) of this statute, the

recodified Code Ann. § 114-417, provides in relevant part: "[T]he board may order that the liability of the employer for *future income benefits* shall be discharged by the payment in a lump sum equal to the present value of all future payments of *income benefits . . .*" (Emphasis supplied.) It is clear that the legislative intent of Ga. L. 1978, pp. 2220, 2226, was to provide that lump sum awards were to consist of the claimant's future income benefits only and to repeal former Code Ann. § 114-417 insofar as that statute was a bar to claims for workers' compensation *medical benefits* subsequent to a lump sum award. See *Webb v. Alexander,* 202 Ga. 436 (1) (43 SE2d 668) (1947). "The new [1978] statute made no attempt to re-enact the old provision, although the legislature knew at the time that the old law had been construed by the [courts to bar "all claims for medical benefits."] Could it be said that the legislature intended to abandon its own language, . . ., and take the chance that the [new statute] would be construed to mean the same thing [as the former law]? . . . The purpose or wisdom in repealing and refusing to re-enact a law imposing [a bar to subsequent claims for workmen's compensation medical benefits] is a matter for the exclusive determination of the legislature and is no legitimate concern of the judiciary. [Cits.]" *Thompson v. Eastern Air Lines,* 200 Ga. 216, 223-224 (36 SE2d 675) (1946).

Appellant suffered a work-related injury on July 2, 1977, when former Code Ann. § 114-417 was in force and effect. Subsequently, on June 26, 1979, approximately one year after the effective date of the 1978 statute, appellant filed an application for a lump sum workers' compensation award. On July 11, 1979, the Board of Workers' Compensation approved appellant's application and made an award which directed the appellees, the employer and insurer, "to pay [appellant] the sum of $4,947.27 in full and final payment of *future income benefits,* except as limited by Code § § 114-417 and 709." (Emphasis supplied.) The Board thus made its lump sum award to appellant under the provision of existing Code Ann. § 114-417 (a) as codified in the 1978 enactment and, accordingly, the award consisted of only appellant's future income benefits. No appeal was taken from this award, which was "based on a 20% permanent loss of use of the right leg and a 25% loss of use of the left foot."

A short time later appellant "requested that a hearing be held to determine permanent disability as a result of [his] physical condition, and to determine compensation due." A hearing was held and appellant's claim, which was "based on a change in condition and to increase compensation for loss of use of the specific member," was denied. The award of the administrative law judge specifically provided, however, that the "[appellees] are ordered and directed to

continue to provide medical attention to [appellant] in this case." The appellees appealed this award to the full board, contending that it was "contrary to law in that [it] orders the [appellees] to continue to provide medical attention to [appellant] in this case contrary to the rules set forth in *Jackson v. Ga. Building Authority,* 144 Ga. App. 275, [supra] (1977)." Thus, the appellees asserted that appellant's lump sum award, though made *after* the repeal of former Code Ann. § 114-417, was nonetheless controlled by it and that the subsequent award ordering continued medical benefits was totally barred thereby.

The Board disagreed with appellees' contention that the former statute rather than the 1978 enactment applied to the appellant's 1979 lump sum award and adopted the award ordering continued medical benefits as its own. On appeal, however, the superior court agreed with appellees that former Code Ann. § 114-417 as construed in *Jackson,* supra, controlled and "that all claims that [appellant] had against the [appellees], Employer and Insurer, terminated when the lump sum award was issued by the Board in July, 1979." Concluding "that the Board has made an error of law," the superior court reversed "that portion of the Administrative Law Judge's award and the Board's affirmance of that award directing the [appellees] to continue to pay [appellant's] medical bills . . ."

Appellant petitioned this court for a discretionary appeal from the order of the superior court reversing the award of continued medical benefits. Appellant's petition was granted so that we might review the application of former Code Ann. § 114-417 and the *Jackson* decision to appellant's post-lump sum claim for medical benefits. As noted, if former Code Ann. § 114-417 and its interpretation in *Jackson* apply in the instant case appellant's entitlement to medical benefits subsequent to his lump sum award is barred and the superior court did not err in reversing such an award. On the other hand, it is conceded that if the 1978 enactment applies, the 1979 lump sum award to appellant is not a bar to subsequent medical benefits and the action taken by the Board in this regard was authorized. Thus, the determinative issue in this case is merely which statute applies to appellant's 1979 lump sum award.

The sole argument advanced by the appellees in support of their position that the 1978 enactment does *not* apply is predicated upon the assertion that that statute, insofar as it struck former Code Ann. § 114-417 and enacted a new provision in its stead, created a "substantive right." Section 17 of Ga. L. 1978, pp. 2220, et seq., provides in part: "[I]nsofar as any provision . . . creates a substantive right, it shall apply to any accident or injury occurring on or after July 1, 1978. In all other respects, . . ., it shall apply to any action taken on

or after July 1, 1978, without regard to the date of accident or injury." Ga. L. 1978, pp. 2220, 2236. The appellees thus contend that the provision of the 1978 act dealing with lump sum awards applies only "to any accident or injury occurring on or after July 1, 1978." Completing the argument, the appellees assert that since appellant's injury occurred prior to July 1, 1978, former Code Ann. § 114-417 and not the 1978 provision must apply. In short, the appellees urge that appellant's entitlement to medical benefits subsequent to a lump sum award is a "substantive right" and is, therefore, controlled by the date of his injury rather than the date of the lump sum award. See *Insurance Co. of N. A. v. Henson,* 150 Ga. App. 788 (258 SE2d 706) (1979).

We find appellees' argument meritless. Prior to the effective date of the 1978 statute "[i]n this state, when a claimant file[d] for benefits under the workmen's compensation law, he [was] entitled to his claim not only to benefit for lost wages but also *specified medical benefits.*" (Emphasis supplied) *Jackson,* 144 Ga. App. at 276, supra. Thus, Ga. L. 1978, pp. 2220, 2226, did not create a "substantive right" to medical benefits under the workers' compensation law because that "right" existed before July 1, 1978. Former Code Ann. § 114-417 as interpreted in *Jackson,* supra, was only a bar to the assertion of subsequent claims for medical benefits where there had been a prior lump sum award. Thus, the 1978 statute, by providing that after its effective date a lump sum award should consist of the claimant's "future *income* benefits," merely removed the bar which had otherwise been imposed to the assertion of the right to workers' compensation medical benefits where there had been a previous lump sum award. The 1978 enactment did not, therefore, create a "substantive right" to medical benefits. "It merely provided a procedure to be used [whereby the claimant could receive a lump sum award of his income benefits while leaving his right to subsequent medical benefits intact.]" *Armistead v. Cherokee County School District,* 144 Ga. App. 178, 179 (241 SE2d 19) (1977). Nor can the appellees, as those ultimately liable, assert that they have a "substantive right" to claim the benefit of the bar to recovery of subsequent medical benefits which was encompassed by former Code Ann. § 114-417. "A person has no vested right in statutory privileges or exemptions." *Fulton Bag & Cotton Mills v. Williams,* 212 Ga. 783, 785 (95 SE2d 848) (1956).

"The purpose of the Georgia compensation act has been described as 'a humanitarian measure' providing relief to the injured employee and protecting employers from excessive damage awards. [Cit.] The act should be liberally interpreted by the court to carry out this purpose." *Samuel v. Baitcher,* 247 Ga. 71, 73 (274 SE2d 327)

(1981). It is clear that the legislature merely intended by its 1978 enactment to remove former Code Ann. § 114-417's bar to recovery of subsequent medical benefits by providing that after July 1, 1978, a lump sum award should consist only of a claimant's "future income benefits." In the instant case the Board followed this procedure in making the lump sum award to appellant in July of 1979. It follows that, in denying appellant's claim for increased compensation, the Board correctly ordered the payment of continued medical benefits to appellant. It was, therefore, error for the superior court to predicate the reversal of the Board's award on a statute which had no viability after July 1, 1978.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 8, 1981.

*George L. Pope, Jr.,* for appellant.
*Michael A. McKenzie, Steven J. Kyle,* for appellee.