## 62460. WOODWARD v. ST. JOSEPH'S HOSPITAL OF ATLANTA, INC. et al.

QUILLIAN, Chief Judge.

Appellant appeals from an adverse summary judgment in a tort action for damages.

The stipulated facts are essentially as follows: On September 28, 1979, plaintiff/appellant, Peter J. Woodward, and defendant/appellee, Captain J. C. McEntire, were employees of defendant/appellee St. Joseph's Hospital of Atlanta, Inc. McEntire was chief of security of St. Joseph's and the supervisor of Woodward who was a security officer at the hospital. On September 28, 1979, Woodward called the security department and advised them he would be late, but did not speak directly with McEntire. McEntire later called Woodward and told him not to report to work on September 28, 1979, but to report the following Monday, October 1, 1979. McEntire, while checking on the security operations at the hospital, saw Woodward in the employees' parking lot attending to personal matters. McEntire approached Woodward, and after a heated discussion, McEntire terminated Woodward's employment with the hospital. They continued to discuss the reasons for the termination, and then McEntire struck Woodward with his hand. Shortly thereafter, Woodward presented himself to the hospital emergency room for treatment. Woodward subsequently filed a suit for damages against McEntire and St. Joseph's Hospital jointly and severally. *Held:*

This is a case of first impression in Georgia. It involves injuries received subsequent to termination of employment. The central question is whether the tort action is barred by the application of the Workers' Compensation Act. Code Ann. § 114-103 (Code § 114-103; as amended through Ga. L. 1980, p. 1145). For the Workers' Compensation Act to bar this action by the appellant his injury must have occurred from an accident arising out of and in the course of employment. Code Ann. § 114-102 (Code § 114-102; as amended through Ga. L. 1973, pp. 232, 234). The fact that the injury resulted from a wilful or criminal assault by a third person, while the employee is engaged in work of his employer does not necessarily prevent the injury from being accidental within the meaning of the Compensation Act. *Pinkerton Nat. Detective Agency v. Walker,* 157 Ga. 548, 553 (122 SE 202); *Keen v. New Amsterdam Cas. Co.,* 34 Ga. App. 257, 258 (129 SE 174).

In our opinion the injury sustained by the appellant is compensable under the Workers' Compensation Act and therefore the plaintiff's action in tort is barred. Code Ann. § 114-102, supra.

We are persuaded by the case of Hill v. Gregg, Gibson & Gregg, Inc., 260 S2d 193 (Fla. 1972), where a project supervisor discharged the plaintiff and then severely assaulted him while he was leaving the premises. The court held that "the act of discharging an employee is an integral part of the employment relationship, making injuries arising out of discharge causally connected to that employment. For this reason alone, . . . petitioner's injuries did arise out of, and in the course of his employment. That petitioner went to the superintendent before working hours [away from the petitioner's job site] to discuss a matter unrelated to his employment is immaterial. Once the superintendent commenced the act of discharging petitioner, he created an employment related situation for purposes of the Worker's Compensation Act. . . . The superintendent had sufficient authority over petitioner to discharge him and when he exercised that authority the employment relationship was involved. The fact that the injury occurred immediately after the employer-employee relationship was terminated also cannot bar recovery." Hill v. Gregg, Gibson & Gregg, Inc., 260 S2d 193, 195, supra.

The fact that the supervisor in Hill, supra, and the defendant supervisor in the case sub judice were the aggressive parties is important. The actions of the defendant supervisor in discharging the plaintiff, which created an employment-related situation, were necessarily an integral part of the supervisor's duties and of the plaintiff's employment. The aggressive actions of the supervisor in assaulting the plaintiff were close enough in time and sequence to the authorized actions of the supervisor to make them part of the res gestae of those acts. Therefore, since the aggressive acts of the defendant supervisor were part of the res gestae of the discharging of the plaintiff, the injuries which resulted from those actions arose out of and in the course of employment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1981 —
REHEARING DENIED DECEMBER 8, 1981.

*C. Jeffrey Kaufman,* for appellant.
*J. Bruce Welch, John O. Moore,* for appellees.