66935, 66936. FOUNTAIN v. SHONEY'S BIG BOY, INC. et al. (two cases).

McMURRAY, Presiding Judge.

On March 1, 1982, plaintiff and defendant Gray were employed as waitresses by defendant Shoney's Big Boy, Inc. (Shoney's). At work that evening plaintiff and defendant Gray became involved in a scuffle with each other, resulting in injuries to both. Subsequently, both plaintiff and the defendant Gray were fired by defendant Shoney's.

The first count of plaintiff's complaint against defendant Shoney's for wrongful discharge has been abandoned. The remaining count of plaintiff's complaint sets forth her claim against defendant Gray for assault and against defendant Shoney's for negligence "in that it knew or should have known of the violent propensity of the defendant Gray and in that it failed adequately to supervise the defendant Gray."

Following discovery in which it was shown that the employees involved were "covered and eligible for workers' compensation" defendants Shoney's and Gray each moved for summary judgment. Defendant Gray also moved for judgment on the pleadings. All of these motions by defendants were granted. Plaintiff appeals. *Held:*

The primary issue is whether this tort action is barred by application of the Workers' Compensation Act, specifically former Code Ann. § 114-103 (as amended by Ga. L. 1974, pp. 1143, 1144; 1980, pp. 1145, 1146) (now OCGA § 34-9-11, effective November 1, 1982). This section (as amended by Ga. L. 1974, pp. 1143, 1144; 1980, pp. 1145, 1146) now specifically bars plaintiff (as an employee) from her action for damages for tort against her employer and fellow employee making her remedy exclusively a workers' compensation matter under the act. See *Williams v. Byrd,* 242 Ga. 80 (247 SE2d 874) (1978). Compare *Floyd v. McFolley,* 131 Ga. App. 4 (205 SE2d 29) (a case decided in 1974 although tried in 1973 and based upon former

Code § 114-103, as amended by Ga. L. 1972, pp. 929, 930). Plaintiff does not question the exclusive nature of the rights and remedies provided under the Workers' Compensation Act when applicable. Instead, plaintiff contends that the Workers' Compensation Act is not applicable to the case sub judice.

We note that the record contains conflicting evidence as to whether plaintiff or defendant Gray was the aggressor. Interestingly, evidence of circumstances which might preclude application of the Workers' Compensation Act to plaintiff due to the provision of former Code § 114-105 (now OCGA § 34-9-17, effective November 1, 1982) relating to wilful misconduct by an employee also would preclude a judgment on a tort claim in favor of plaintiff.

On review of the evidence supporting the grant of a motion for summary judgment we must view the evidence in the light most favorable to the party opposing the motion. Therefore, for the remainder of our analysis we will assume that, as plaintiff contends, defendant Gray was the unprovoked aggressor, although the evidence is controverted as to which of the two employees caused the fight between them.

Plaintiff has suggested that her injuries are not compensable under the Workers' Compensation Act because not within the definition of "injury" or "personal injury" set forth in former Code § 114-102 (as amended, Ga. L. 1946, pp. 103, 104; 1963, pp. 141, 142; 1973, pp. 232, 234; 1982, p. 2485, effective April 22, 1982) (now OCGA § 34-9-1 (4), effective November 1, 1982). However, we have held that "[t]he fact that the injury resulted from a wilful or criminal assault by a third person, while the employee is engaged in work of his employer does not necessarily prevent the injury from being accidental within the meaning of the Compensation Act. *Pinkerton Nat. Detective Agency v. Walker,* 157 Ga. 548, 553 (122 SE 202); *Keen v. New Amsterdam Cas. Co.,* 34 Ga. App. 257, 258 (129 SE 174)." *Woodward v. St. Joseph's Hosp.,* 160 Ga. App. 676 (288 SE2d 10). Also, the exclusion in former Code § 114-102, supra, for injuries arising from acts of a third person against an employee for reasons personal to such employee, if applicable, presents no issue for the jury in the case sub judice. The record in the case sub judice shows that any animosity of defendant Gray arose out of and in the course of the employment of plaintiff and defendant Gray, specifically from the two waitresses "bumping" each other in the course of performing their duties at work. See *Commercial Constr. Co. v. Caldwell,* 111 Ga. App. 1, 3 (140 SE2d 298).

Additionally, plaintiff contends that the Workers' Compensation Act is inapplicable due to agreement of the parties. Any such agreement would, however, be contrary to public policy as

expressed in the Workers' Compensation Act, therefore, void and unenforceable. Former Code § 114-111 (now OCGA § 34-9-10, effective November 1, 1982); *Screven Oil Co. v. Jarrell,* 171 Ga. 837 (1) (157 SE 96).

Finally, having determined that the trial court properly granted summary judgment in favor of both defendants, we find that no decision is necessary as to plaintiff's appeal from the grant of a judgment on the pleadings in favor of defendant Gray. This issue is rendered moot by the affirmance of the grant of summary judgment in favor of defendant Gray.

*Judgments affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 18, 1983.

*E. Kontz Bennett, Jr.,* for appellant.
*Jeffrey S. Parker, Terry A. Dillard,* for appellees.