70724, 70725. DUNAWAY v. R. I. A. S., INC. et al.;
and vice versa.
(335 SE2d 470)

McMURRAY, Presiding Judge.

This is a workers' compensation case. The claimant injured her knee in an accident which arose out of and in the course of her employment in 1976. She received temporary total disability benefits for 75 weeks. Thereafter, on November 15, 1977, a lump sum payment of $661.95 was made to claimant for 7% loss of use of her left leg. The lump sum payment was made in full and final payment of all compensation due, except as limited by former Code Ann. § 114-417 (now OCGA § 34-9-222, effective November 1, 1982). At the time of the lump sum payment, claimant was not represented by legal counsel.

Claimant continued to incur medical expenses following the lump sum settlement. The medical expenses were paid by the employer/insurer. The last medical payment (prior to the hearing) was made by the employer/insurer on September 14, 1982.

The employer/insurer filed several WC 4 forms which showed that the final weekly payment of compensation was made on November 18, 1977. The first such WC 4 form was filed on February 16, 1979. Thereafter, WC 4 forms were filed on January 9, 1980, September 30, 1981, September 7, 1982, and September 19, 1983. In addition to showing the final weekly benefit date, the WC 4 forms demonstrated that additional medical payments were made on behalf of the claimant. These additional medical payments were made until September 14, 1982.

On December 6, 1982, claimant filed a claim with the board seeking additional economic benefits for a superadded injury. The employer/insurer defended primarily on the ground that the claim for additional compensation was barred by the two-year statute of limitation (former Code Ann. § 114-709 (now OCGA § 34-9-104, effective November 1, 1982)). The administrative law judge determined that the claim was not time barred and that claimant did suffer a superadded back injury on July 6, 1981. She also ruled that the employer/insurer did not reasonably defend the claim. Accordingly, attorney fees were assessed against the employer/insurer. The full board adopted the decision of the administrative law judge. In reversing the decision of the board, the superior court ruled that the claim was filed more than two years after the employer/insurer notified the board that final payment of the claim was made.

Claimant petitioned this court for a discretionary appeal from the judgment of the superior court and we granted claimant's petition. Thereupon, claimant appealed and the employer/insurer cross-appealed. *Held*:

1. Former Code Ann. § 114-709, supra, provided, in pertinent part, that change of condition claims must be brought within two years from the date the board was notified that the final payment of a claim was made. Relying upon *Georgia Forestry Comm. v. Darley*, 165 Ga. App. 641 (299 SE2d 922) (1983), the employer/insurer contends that the February 16, 1979, form WC 4 constituted the notice of final payment and that, therefore, the claim is barred because it was made more than two years after such notice. Assuming a WC 4 form is the equivalent of notice of final payment, nevertheless, employer/insurer's contention must fail.

"While the date of notice of final payment and not the date of final payment is the date from which the statute begins to run, this does not mean that the statute begins to run from a notice of 'final payment' of the claim when final payment has not actually been made." *Standard Accident Ins. Co. v. Skinner*, 118 Ga. App. 288, 290 (2) (163 SE2d 321) (1968). In the case sub judice, it cannot be said that the November 18, 1977, lump sum payment was the final payment.

Former Code Ann. § 114-417, supra, in force and effect prior to its amendment effective July 1, 1978, is applicable here since claimant suffered a work-related injury in 1976, and a lump sum payment was made to her in November 1977. See *Atha v. Jackson Atlanta, Inc.*, 159 Ga. App. 433 (283 SE2d 654) (1981); *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 803 (1) (320 SE2d 850) (1984). Said former Code Ann. § 114-417, supra, provided in part, as follows: "Where such lump sum award has been made, the same shall constitute a complete and final disposition of *all claims* on account of the inci-

dent, injury or injuries giving rise to the claim, where both parties are represented by counsel . . ." (Emphasis supplied.) This court has construed the phrase "all claims" in the quoted former Code section to mean "all claims for wage benefits and medical benefits." *Jackson v. Ga. Bldg. Auth.*, 144 Ga. App. 275 (241 SE2d 54) (1977). Since medical benefits were paid by the employer/insurer until September 14, 1982, it is clear that the lump sum payment was not the final payment. (A lump sum award cannot be a complete and final disposition of all claims unless both parties are represented by counsel. Former Code Ann. § 114-417, supra. Since claimant was not represented by counsel when she accepted the lump sum award, she was able to seek additional medical benefits.) And since the lump sum payment did not constitute the final payment, the WC 4 form could not serve as the notice of final payment. *Standard Accident Ins. Co. v. Skinner*, 118 Ga. App. 288, supra; *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799, 801 (1), supra. Accordingly, the instant claim was not filed more than two years after notice of final payment and the claim was not barred by the statute of limitation.

It follows that the superior court erred in reversing the decision of the full board. Inasmuch as the superior court predicated its ruling regarding the award of attorney fees upon its erroneous conclusion that the claim was barred by the statute of limitation, it also follows that the superior court erred in reversing the award of attorney fees.

2. In the cross-appeal, the employer/insurer contends the superior court erred in failing to reverse the decision of the full board on three additional grounds. We deal with each ground seriatim.

(a) Relying upon the concluding paragraph of former Code Ann. § 114-406 (now OCGA § 34-9-263, effective November 1, 1982), the employer/insurer argues that the claimant could not seek a change in condition more than 75 weeks after the date of her injury. This argument is without merit. The concluding paragraph relied upon by the employer/insurer did not limit the applicability of former Code Ann. § 114-709, supra, to the 52-week period (or the additional 23 weeks approved by the board) of compensation. To the contrary, the paragraph in question merely demonstrated the intent of the legislature to permit either party to seek a change in condition during the period of time in which compensation benefits were paid.

(b) The employer/insurer asserts that claimant cannot seek a change in condition because she received a lump sum payment which "[constituted] a complete and final disposition of all claims on account of the incident . . . giving rise to the claim. . . ." Former Code Ann. § 114-417, supra. This assertion is erroneous. Former Code Ann. § 114-417, supra, provided that a lump sum payment constituted a final disposition of a claim only "where both parties are represented by counsel." Since claimant was not represented by an attorney when

she received the lump sum payment, the payment was not a final disposition of her claim.

(c) Finally, the employer/insurer contends the evidence was not sufficient to sustain the award of the board. We disagree. Although the evidence is not overwhelming, it adequately supports the finding of the board that the claimant became totally disabled as a result of a superadded back injury. See *Aetna Cas. &c. Co. v. Walker*, 113 Ga. App. 883 (150 SE2d 148) (1966).

*Judgment reversed in Case No. 70724. Judgment affirmed in Case No. 70725. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 24, 1985.

*Francis G. Jones, Jr.*, for appellant.
*Robert R. Potter, Mark J. Goodman*, for appellees.