### 76200. LINDSEY v. WINN DIXIE STORES, INC.
(368 SE2d 813)

BANKE, Presiding Judge.

The appellant, Bret Allen Lindsey, brought this action to recover for injuries allegedly inflicted upon him by a co-worker, Charlie Whitehead, while the two of them were in the employ of the appellee, Winn Dixie Stores, Inc. Both Winn Dixie and Whitehead were named as defendants in the action. This appeal is from the grant of Winn Dixie's motion for summary judgment. The action presumably remains pending below against Whitehead.

The following facts may be assumed for purposes of this appeal. The appellant was employed as the store's produce manager, while Whitehead was a city policeman hired to work at the store as a part-time security guard. The two had no relationship outside of work. Prior to the incident giving rise to this action, they had maintained a pleasant and friendly relationship at work, marred only by one incident several months previously in which Whitehead had accused the appellant, in the presence of other store employees, of stealing merchandise. The appellant had immediately reported that incident to the store manager, and Whitehead had later apologized to him for making the accusation.

On the day prior to the alleged assault, Whitehead confronted the appellant on the job with a report that someone had told him that the appellant had called him stupid. The appellant denied having made such a statement and considered the matter closed. The following day, however, Whitehead approached the appellant while the latter was in the back of the store unpacking produce and told him, "I'm off the clock . . . [I]f you want to call me stupid, you can call me stupid." The appellant replied, "Charlie, I told you yesterday that I didn't call you stupid, but if you insist I will call you stupid." The appellant thereupon proceeded to do so, whereupon Whitehead grabbed him from behind in a choke hold, continued choking him until he passed out, and dropped him to the floor. As a result of the fall, the appellant suffered a fractured jaw, a lacerated chin, and the loss of three teeth.

The appellant's superiors had previously received reports from other store employees to the effect that Whitehead had threatened them with physical violence; however, no disciplinary action had been taken against Whitehead in response to those reports. On the evening before he committed the alleged assault on the appellant, Whitehead announced to the store's acting manager that "he was going to take

the appellant's face and mop the back room with it." *Held*:

1. Initially we address the issue of whether the appellant's injuries were covered by the Workers' Compensation Act. If so, then the benefits available under the Act would constitute his exclusive remedy, pursuant to OCGA § 34-9-11. See, e.g., *Allied Chem. Corp. v. Peacock*, 151 Ga. App. 278, 281 (259 SE2d 681) (1979).

The Act specifies that " '[i]njury' and 'personal injury' shall not include injury caused by the wilful act of a third person *directed against an employee for reasons personal to such employee. . . .*" (Emphasis supplied.) OCGA § 34-9-1 (4). In cases where an employee is injured in a physical altercation with another person occurring on the job but stemming from personal animosity, his injuries will nevertheless be considered compensable under the Act if it is shown that the animosity arose from reasons related to the employee's performance of his work-related duties. See, e.g., *Commercial Constr. Co. v. Caldwell*, 111 Ga. App. 1 (140 SE2d 298) (1965); *State of Ga. v. Purmort*, 143 Ga. App. 269 (238 SE2d 268) (1977); *Fountain v. Shoney's Big Boy*, 168 Ga. App. 489 (309 SE2d 671) (1983); *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 880-882 (354 SE2d 204) (1987); *Handcrafted Furn. v. Black*, 182 Ga. App. 115 (354 SE2d 696) (1987). Conversely, if the animosity giving rise to the assault stemmed from reasons not related to the injured employee's performance of his work, then his injuries will not be considered compensable under the Act. See, e.g., *City of Atlanta v. Shaw*, 179 Ga. App. 148 (345 SE2d 642) (1986). Accord *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 862-863 (298 SE2d 528) (1982) (where an employee's claim to recover against her former employer in tort for verbal and physical abuse directed at her by her former supervisor was determined not to be barred by the Act because the supervisor's conduct was sexually motivated).

The evidence of record in this case does not establish as a matter of law the existence of any causal relationship between the appellant's performance of his duties at the supermarket and the incident which gave rise to this action. Instead, it may be inferred from the evidence that Whitehead attacked the appellant for reasons which were purely personal, within the contemplation of OCGA § 34-9-1 (4). It follows that Winn Dixie was not entitled to summary judgment on the basis of OCGA § 34-9-11.

2. Winn Dixie contends that even if it is not insulated from liability for Whitehead's alleged misconduct pursuant to the Workers' Compensation Act, it is insulated pursuant to the "fellow-servant doctrine." We disagree.

The fellow-servant doctrine is set forth at OCGA § 34-7-21 as follows: "[T]he employer shall not be liable to one employee for injuries arising from the negligence or misconduct of other employees about the same business." While this doctrine would appear to insu-

late the appellee from any *vicarious* liability for Whitehead's alleged conduct which might otherwise be imposed pursuant to the doctrine of respondeat superior, compare *Gaylor v. Jay & Gene's Chrysler &c.,* 183 Ga. App. 255 (358 SE2d 655) (1987), it has been held that the fellow-servant doctrine does not protect an employer from being charged with direct liability for *its own* negligence in hiring or retaining an employee with knowledge that the employee's presence or the manner in which the employee performs his duties poses a danger to co-employees. Accord *Murphy v. ARA Svcs.,* supra. See generally *Alterman v. Jinks,* 122 Ga. App. 859, 862 (179 SE2d 92) (1970); *Saunders v. Vikers,* 116 Ga. App. 733 (3) (158 SE2d 324) (1967).

There is, as has previously been indicated, evidence of record in this case indicating that the appellant's superiors had been placed on notice prior to the alleged assault on the appellant that Whitehead had threatened other co-workers with physical violence. Moreover, there is evidence that, less than a day prior to the alleged assault, Whitehead had announced to the assistant store manager (who was serving at that time as the acting manager) an intention to "take the appellant's face and mop the back room with it." As this evidence is supportive of the appellant's claim that his injuries were proximately caused by the appellee's negligence in allowing Whitehead to continue to work at the store with knowledge of his alleged violent propensities, we hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 19, 1988.

*George M. Peagler, Jr., Billy E. Moore,* for appellant.
*Mark A. Gonnerman, Dawn G. Benson,* for appellees.