A90A0737. HARDEE'S FOOD SYSTEMS, INC. et al. v. EVANS.
(397 SE2d 474)

COOPER, Judge.

We granted this interlocutory appeal from the trial court's denial of appellants' motion for summary judgment. At issue is whether appellee's action is barred by the exclusive remedy provision of the Workers' Compensation Act.

The record shows that appellee was working at appellant Hardee's under the supervision of appellant Avinger when Avinger hit appellee with his fist, knocking her into a wall and injuring her head and back. Appellee brought an action against Avinger for assault and battery, and against Hardee's under theories of respondeat superior and negligent retention. Appellants contend that appellee's injuries arose out of and during the course of her employment, therefore her exclusive remedy is under the Georgia Workers' Compensation Act. Appellee contends that her action is not barred because even though her injuries occurred while she was in the course of her employment, Avinger attacked her for purely personal reasons.

" 'On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden. . . .' [Cit.]" *Gaylor v. Jay &c. Chrysler-Plymouth-Dodge*, 183 Ga. App. 255, 256 (358 SE2d 655) (1987). Although Avinger contends that he hit appellee because she stepped on his sore foot, for purposes of this appeal we are constrained to resolve factual inconsistencies against appellants, the movants for summary judgment, and therefore we are bound by appellee's testimony that she was just standing behind the counter when, for no apparent reason, Avinger came up to her and hit her in the arm. "Therefore, for the remainder of our analysis we will assume that, as [appellee] contends, [Avinger] was the unprovoked aggressor, although the evidence is controverted as to [whether the incident began as a result of appellee stepping on Avinger's toe]." *Fountain v. Shoney's Big Boy*, 168 Ga. App. 489, 490 (309 SE2d 671) (1983). "In cases where an employee is injured in a physical altercation with another person occurring on the job but stemming from personal animosity, his injuries will nevertheless be considered compensable under the Act if it is shown that the animosity arose from reasons related to the employee's performance of his work-related duties. [Cits.] Conversely, if

the animosity giving rise to the assault stemmed from reasons not related to the injured employee's performance of his work, then his injuries will not be considered compensable under the Act. [Cits.]" *Lindsey v. Winn Dixie Stores*, 186 Ga. App. 867 (1) (368 SE2d 813) (1988). Appellee submitted the affidavit of a co-employee who stated that he had heard Avinger say on several occasions that he did not like appellee; that Avinger talked about his dislike for appellee both at work and away from work; and that appellee did not give Avinger any reason not to like her. We conclude that the co-employee's affidavit created a question of fact as to whether Avinger's animosity for appellee stemmed from reasons unrelated to appellee's performance of her duties at work; therefore, summary judgment was properly denied.

Appellants also contend that summary judgment should have been granted under the "fellow-servant doctrine." That doctrine, set forth in OCGA § 34-7-21, provides that "the employer shall not be liable to one employee for injuries arising from the negligence or misconduct of other employees about the same business." "[T]he fellow-servant doctrine does not protect an employer from being charged with direct liability for its own negligence in hiring or retaining an employee with knowledge that the employee's presence or the manner in which the employee performs his duties poses a danger to co-employees. [Cits.]" *Lindsey v. Winn Dixie Stores*, supra at Div. 2.

One co-employee stated in his affidavit that Avinger cursed the other employees and has hit other employees, including on one occasion the assistant manager; the other co-employee stated that there had been meetings about Avinger's attitude and treatment of other employees; that Avinger would use bad language to other employees and had hit some of them in fits of anger. Although Avinger's supervisor denied any knowledge about Avinger's violent behavior toward other employees, there is some evidence that Avinger had behaved violently with other employees and that his supervisor knew, or should have known, about that behavior. Appellants were not entitled to summary judgment.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 19, 1990.

*Jones, Cork & Miller, Wallace Miller III*, for appellants.
*Morris & Webster, F. Leonard Morris, Jr., Clayton A. Hall*, for appellee.