A92A0741. WESTERN WATERPROOFING COMPANY, INC. et al. v. ROGERS.
(420 SE2d 606)

CARLEY, Presiding Judge.

The facts relevant to this workers' compensation case are as follows: Appellee-employee was in a business meeting with a fellow employee, Jeff Johnson. This meeting was interrupted by Stewart Gallagher, a sales representative for one of appellant-employer's materials suppliers. Gallagher initially stated that he had come to "settle a score" with Johnson. This "score" involved a personal matter between Gallagher and Johnson and was not business-related. Although Gallagher did briefly inquire about one business project, he

moved on to personal matters. After appellee made a comment to Gallagher regarding these personal matters, Gallagher began to man-handle appellee. As appellee attempted to leave, he was assaulted by Gallagher and injured.

On this evidence, the Administrative Law Judge (ALJ) awarded appellee workers' compensation benefits and attorney's fees. On its de novo review, the Full Board adopted the findings and conclusions of the ALJ. On appeal to the superior court, the award of the Full Board was affirmed. Appellants, employer and insurer, appeal to this court pursuant to the grant of their application for a discretionary appeal.

1. It is undisputed that appellee was not injured as the result of voluntary participation in "horseplay." See *American Mut. Liability Ins. Co. v. Benford*, 77 Ga. App. 93 (47 SE2d 673) (1948). He was the victim of an unprovoked assault perpetrated by Gallagher. However, the mere fact that this unprovoked assault occurred during business hours and on business premises does not necessarily entitle appellee to workers' compensation benefits. Appellee would not be entitled to workers' compensation benefits if his injuries were "caused by the willful act of [Gallagher] directed against [appellee] for reasons personal to [appellee]. . . ." OCGA § 34-9-1 (4).

"In cases where an employee is injured in a physical altercation with another person occurring on the job but stemming from personal animosity, his injuries will nevertheless be considered compensable under the [Workers' Compensation] Act if it is shown that the animosity arose from reasons related to the employee's *performance of his work-related duties*. [Cits.] *Conversely*, if the animosity giving rise to the assault stemmed from reasons *not* related to the injured employee's performance of his work, then his injuries will not be considered compensable under the Act. [Cits.]" (Emphasis supplied.) *Lindsey v. Winn Dixie Stores*, 186 Ga. App. 867, 868 (1) (368 SE2d 813) (1988). "A careful review of the record reveals no evidence that the dispute between appellee and [Gallagher] was anything other than a personal one. . . . We recognize that we are bound to affirm an award of the Board if there is any evidence to sustain it. [Cit.] However, because there is no evidence that appellee's injuries arose out of and in the course of [his] employment . . ., the superior court erred by affirming the Board's award of compensation to appellee. [Cit.] Therefore, the judgment of the superior court is reversed. . . ." *City of Atlanta v. Shaw*, 179 Ga. App. 148, 149 (345 SE2d 642) (1986). Compare *Commercial Constr. Co. v. Caldwell*, 111 Ga. App. 1 (140 SE2d 298) (1965).

2. As a result of our holding in Division 1, the remaining enumerations are moot.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 16, 1992 —
RECONSIDERATION DENIED JULY 2, 1992 —

*Donald M. Shivers*, for appellants.
*Savell & Williams, Mark S. Gannon, Grant G. Morain*, for appellee.