## A93A2339. BALDWIN v. ROBERTS.

(442 SE2d 272)

JOHNSON, Judge.

Joseph Roberts owns a McDonald's restaurant and employed Shurice Baldwin as a hostess. One afternoon, the restaurant manager told Roberts that Baldwin was yelling at a customer. Roberts confronted Baldwin and told her to clock out and leave the restaurant. The argument escalated and Roberts ultimately called the police to have Baldwin removed from the premises. Three police officers responded to the call and escorted Baldwin from the restaurant. Baldwin claims that as the officers were removing her from the premises, Roberts hit her face with his hand. Roberts denies this claim. Baldwin did not return to work and, several days after the incident, turned in her work uniform and asked Roberts for a separation notice. Roberts gave her a notice which stated, "Failed to report for work for three consecutive days. No call. No show. Further work was available." Baldwin submitted the separation notice to the labor department when she applied for unemployment benefits. The labor department denied her application; Baldwin never appealed that decision. She then filed the instant complaint, claiming that Roberts committed battery when he hit her, that the statements he made in the separation notice are fraudulent and that she is entitled to punitive damages. The trial court granted summary judgment in favor of Roberts on all claims. Baldwin appeals.

1. We first address the issue of whether Baldwin's battery claim is barred by the exclusive remedy provision of the Workers' Compensation Act. "In cases where an employee is injured in a physical altercation with another person occurring on the job but stemming from personal animosity, [her] injuries will nevertheless be considered compensable under the Workers' Compensation Act if it is shown that the animosity arose from reasons related to the employee's performance of [her] work-related duties. Conversely, if the animosity giving rise to the assault stemmed from reasons not related to the injured employee's performance of [her] work, then [her] injuries will not be considered compensable under the Act." (Citations, punctuation and emphasis omitted.) *Western Waterproofing Co. v. Rogers*, 204 Ga. App. 779, 780 (1) (420 SE2d 606) (1992). Baldwin argues that there is a genuine issue of fact as to whether Roberts' animosity toward her was related to the performance of her work. The only evidence she relies on in support of this argument is that she yelled, among other things, derogatory remarks at Roberts as the police removed her from the restaurant. Contrary to Baldwin's argument, this evidence does not create a genuine issue of material fact. The undisputed evidence shows that prior to this incident, there had been no animosity of any sort between Roberts and Baldwin. Roberts gave uncontroverted tes-

timony at his deposition that he had Baldwin removed from the store because she was creating a disturbance which caused all activity in the restaurant to come to a halt. The mere fact that part of the disturbance was caused by personal remarks directed toward Roberts does not show that the animosity between the parties was unrelated to Baldwin's work performance. The record plainly shows that any animosity between Roberts and Baldwin arose from reasons related solely to her performance at work; the animosity arose from the disturbance she was causing while on duty as a hostess in the restaurant. See *Fountain v. Shoney's Big Boy*, 168 Ga. App. 489, 490 (309 SE2d 671) (1983). Because the animosity arose from reasons related to Baldwin's performance of her work, the injuries she received from the alleged battery are compensable under the Workers' Compensation Act. Compare *Hardee's Food Systems v. Evans*, 197 Ga. App. 5 (397 SE2d 474) (1990). Baldwin's tort claim for battery is therefore barred by the exclusive remedy provision of the Act. OCGA § 34-9-11.

Baldwin's further contention, that the battery is not covered by the Act because her employment had already been terminated at the time Roberts hit her, is also without merit. Assuming, without deciding, that Roberts did in fact terminate Baldwin before allegedly hitting her, since his aggressive acts "were part of the res gestae of the [alleged] discharging of [Baldwin], the injuries which resulted from those actions arose out of and in the course of employment." *Woodward v. St. Joseph's Hosp. of Atlanta*, 160 Ga. App. 676, 677 (288 SE2d 10) (1981). The trial court properly granted summary judgment to Roberts on Baldwin's battery claim.

2. Baldwin complains that the court erred in granting summary judgment to Roberts on her fraud claim. "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. In deciding whether the evidence presented is sufficient to raise a triable issue as to each element, the court must resolve all disputes of fact and indulge all reasonable inferences therefrom in favor of the nonmoving party." (Citations omitted.) *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). Even resolving all disputed facts in favor of Baldwin, there is no evidence of a false representation by Roberts. Baldwin's claim that the statements Roberts made in the separation notice are fraudulent is premised on her assertion that she thought her employment was terminated when Roberts told her to clock out and leave the premises and then called the police. Baldwin's belief that she had been fired does not create a genuine issue as to whether she was in fact fired. On the contrary, the undisputed evidence in the rec-

ord shows that Roberts did not terminate Baldwin's employment. Roberts testified that he did not fire her. Baldwin herself testified at her deposition that Roberts never told her she was fired and, when she asked for the separation notice, he specifically told her, "I didn't say you was fired." The only evidence Roberts can point to in support of her assertion that she was terminated is her own testimony that the night following the incident she called the restaurant and spoke to another employee who told her that Roberts' wife said that Baldwin was fired. This testimony is inadmissible hearsay which may not be used on a motion for summary judgment to create a genuine issue of material fact. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a) (397 SE2d 576) (1990). Because there is no competent evidence showing that the statements made by Roberts in the separation notice are false, the trial court did not err in granting summary judgment against Baldwin on her fraud claim.

3. Because of our holdings in Divisions 1 and 2 of this opinion, Baldwin's claim that the trial court's judgment should be reversed because she is entitled to punitive damages is without merit.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Cooper, Andrews and Smith, JJ., concur. Blackburn, J., concurs in part and dissents in part.*

BLACKBURN, Judge, concurring in part and dissenting in part.

This case actually presents a novel issue, i.e., whether *an employer himself* may commit an intentional battery upon an employee and avoid tort liability by asserting the exclusive remedy provisions of the Workers' Compensation Act.

It has been stated often that "when an employee's injuries are compensable under the Act, he is absolutely barred from pursuing a common law tort action to recover for such injuries, even if they resulted from intentional misconduct on the part of the employer." *Southwire Co. v. Benefield*, 184 Ga. App. 418, 419 (361 SE2d 525) (1987). However, those cases all involved the intentional misconduct of either a co-worker, agent of the employer, or a third party. Such was the case in *Western Waterproofing Co. v. Rogers*, 204 Ga. App. 779 (420 SE2d 606) (1992), relied upon by the majority opinion.

In *Fowler v. Southern Wire & Iron*, 104 Ga. App. 401, 408-409 (122 SE2d 157) (1961), this Court expressed doubt that the Act was intended to benefit employers with respect to their intentional acts, and concluded that "[a] malicious unlawful act or intentional injury by the employer is not 'reasonably contemplated' as a risk of the employment or the business." Further, we quoted with approval the position expounded in other jurisdictions: " 'It would be abhorrent to our sense of justice to hold that an employer may assault his employee and then compel the injured workman to accept the meager

allowance provided by the Workmen's Compensation Law. Under such circumstances the one assaulted may avail himself of a common law action against his assailant where full monetary satisfaction may be obtained.' " Id. at 408.

The Supreme Court reversed this Court's decision in *Fowler*, but did so because it found the case to involve the failure to provide a safe work place, rather than an intentional assault by the *employer* on the employee. The Court expressed no disapproval of the proposition that employers should be subject to tort liability for *their* own intentional acts. *Southern Wire & Iron v. Fowler*, 217 Ga. 727, 730 (124 SE2d 738) (1962).

The Workers' Compensation Act pertains to "injury by accident." OCGA § 34-9-1 (4). The purpose of the Act is to provide relief to employees injured by accident, and to protect employers from excessive awards. *Atha v. Jackson Atlanta*, 159 Ga. App. 433 (283 SE2d 654) (1981). Construing the Act liberally in order to effectuate those objectives, intentional assaults by co-workers or third parties, unless directed against the employee for purely personal reasons, have been considered "accidents" within the purview of the Act. See *Helton v. Interstate Brands Corp.*, 155 Ga. App. 607 (271 SE2d 739) (1980).

However, as we noted in *Fowler* at 408, employers collectively would not be benefited by including injuries caused by *their* intentional assaults under the Act, and employees likewise would not benefit from including such injuries under the Act and precluding a common law tort action. Further, it is simply bad policy to hold employers unaccountable for their own intentional, unlawful acts perpetrated against their employees. There is no reason to treat such intentional acts by *employers* as "accidents," and thereby deprive victimized employees of the opportunity to obtain a full recovery for their injuries.

Other jurisdictions have similarly disallowed employers shielding themselves from responsibility for their intentional torts. For example, in Arizona an injured employee may elect to bring either a compensation claim or a common law tort action for an employer's wilful misconduct or intentional act. Ariz. Rev. Stat. Ann. § 23-1022 (A) & (B) (1983). In Michigan, the exclusive remedy provision is inapplicable where an employee is injured as a result of an employer's deliberate act. Mich. Stat. Ann. § 17.237 (131) (1988). West Virginia allows an employee to bring a tort action to recover the excess of damages over the benefits awarded due to the wilful or intentional act of the employer. W. Va. Code § 23-4-2 (b) (1985).

I concur with the disposition of the employee's fraud claim in Division 2 of the majority opinion. However, for the reasons stated above, the trial court erred in granting summary judgment for the employer on the grounds that the employee's battery claim was

barred by OCGA § 34-9-11. Accordingly, I must respectfully dissent from Division 1.

DECIDED MARCH 8, 1994 —
RECONSIDERATION DENIED MARCH 24, 1994 —

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., W. Allen Evans, George N. Skene*, for appellee.