A93A1814. WALL et al. v. PHILLIPS.
(436 SE2d 517)

BLACKBURN, Judge.

The appellee, Ernestine Phillips, commenced this tort action against her former employer, Lithonia Lighting Products Company of Georgia, and the plant nurse, Debra Wall, alleging that Wall prescribed her a pain medication without first obtaining authorization from her treating company physician. The trial court denied the motion for summary judgment filed by Lithonia Lighting and Wall, and this court then granted their discretionary appeal to determine whether Phillips' cause of action is barred by the Georgia Workers' Compensation Act.

Phillips was hired by Lithonia Lighting in 1987. On January 15, 1990, she twisted her wrist while using a power screwdriver at work, and subsequently was treated by a number of workers' compensation physicians, including Dr. Waldo Floyd. Ultimately, she stopped working on October 16, 1990, began receiving workers' compensation bene-

fits on October 23, 1990, and underwent wrist surgery in November 1990 and January 1991. Lithonia Lighting continues to pay weekly workers' compensation benefits and all medical bills related to her claim.

While at work on June 6, 1990, Phillips reported to Wall complaining of wrist pain, at which time Wall indicated that she would call Dr. Floyd's office for approval of a prescription for pain medication. On July 5, 1990, after the initial prescription was exhausted, Phillips returned to the plant nurse, who later informed Phillips that Dr. Floyd had authorized a refill of the prescription. On July 11, 1990, Phillips actually saw Dr. Floyd and reported that the prescription was making her sleepy, and then discovered that Dr. Floyd's records did not reflect his ever having prescribed the pain medication for her. In this tort action against Lithonia Lighting and Wall, Phillips contends that her wrist injury thus was further aggravated by Wall's action of sending her back to work and prescribing her pain medication without authority.

In the instant case, in her original complaint, Phillips alleged professional negligence against Wall. However, she submitted no expert affidavit, and the defendants raised that omission in their answer. Three days before the trial court ruled on the motion for summary judgment filed by Wall and Lithonia Lighting, Phillips amended her complaint to delete her professional negligence claim against Wall and such is no longer in the case.

Under OCGA § 34-9-11 (a), "the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker." *Dickey v. Harden*, 202 Ga. App. 645, 646 (414 SE2d 924) (1992). This bar also applies to intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business. *Murphy v. ARA Svcs.*, 164 Ga. App. 859 (298 SE2d 528) (1982). In the instant case, the alleged worsening of Phillips' wrist injury clearly arose out of and in the course of her employment, and involved no personal animus between Phillips and Wall. Indeed, the alleged motivation behind Wall's actions was to keep Phillips working. Under the above authorities, regardless of whether Wall's alleged misconduct was negligent or intentional, Phillips' tort action against Wall was barred under OCGA § 34-9-11. Phillips' cause of action against Lithonia Lighting likewise is barred by the exclusive remedy provision of the Georgia Workers' Compensation Act.

Phillips misplaces her reliance upon *Jim Walter Homes v. Roberts*, 196 Ga. App. 618 (396 SE2d 787) (1990). In *Jim Walter*, a default case, the former employer was deemed to have admitted to an intentional tort that was *outside the purview of the Georgia Workers'*

*Compensation Act. Jim Walter* thus has no application in the instant case, where the nursing services were rendered at the workplace and solely because of Phillips' position as an employee of Lithonia Lighting and Phillips' injuries were compensable under the Workers' Compensation Act. Phillips' reliance on *Griggs v. All-Steel Buildings*, 209 Ga. App. 253 (433 SE2d 89) (1993), is also misplaced, as unlike *Griggs* there has been no showing of fraud here and the injuries suffered by Phillips are compensable under the Workers' Compensation Act.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993 —
RECONSIDERATION DENIED OCTOBER 8, 1993 

*McLain & Merritt, Howard M. Lessinger,* for appellants.

*Sylvester & Associates, Chuck Sylvester, Genelle Jennings & Associates, David L. Venable,* for appellee.