A98A0362. HARDIN v. CITY WIDE WRECKER SERVICE, INC.
(502 SE2d 548)

BLACKBURN, Judge.

Ruth Hardin sued City Wide Wrecker Service, Inc. for conversion, emotional distress, and litigation expenses, contending that City Wide towed her car from a public street within the Royal Towne Park subdivision of townhouses without appropriate authority. Hardin also requested a declaratory judgment that City Wide had no authority to remove cars from the public street where her car had been parked. The trial court denied Hardin's motion for partial summary judgment and her motion for declaratory judgment, and Hardin appeals.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

On or about February 11, 1992, City Wide entered into a contract with Royal Towne Park Townhouse Association, Inc. (RTP) for the removal and storage of cars improperly parked within the Royal Towne Park community. Signs were erected throughout the community warning that improperly parked cars would be towed. On March 24, 1994, Joan Leitch, an authorized representative of RTP, called City Wide and asked them to tow Hardin's car from the property, which it did. At the time that the car was towed, it was parked along the side of Royal Path Court, not in a marked parking space. On or about April 9, 1994, Hardin's husband paid $295 in towing and storage fees to City Wide and retrieved the car. No claims that the car had been damaged were made.

1. (a) Whether Hardin's claim for conversion is tenable depends, in large part, on the classification of Royal Path Court as either a public or a private street. If the street were owned by RTP, as City Wide contends, a claim for conversion would not lie, as City Wide, acting in its capacity as RTP's agent, would have had appropriate authority to tow Hardin's car. See OCGA § 40-11-2. On the other hand, if Royal Path Court were a public street, RTP would not have had authority to have Hardin's car towed, and City Wide, in turn, could be subject to Hardin's claim for conversion.

On June 3, 1981, Shawn Development & Investment Corporation, the developer and owner of the townhome community at that time, executed a plat of the property which contained a dedication and conveyance, in fee simple, of all streets and rights-of-way in the property to DeKalb County. This plat was submitted to DeKalb County for filing on June 17, 1981, and it was recorded in Plat Book 72 of DeKalb County on June 25, 1981. In relevant part, the recorded plat states: "Shawn Development & Investment Corporation . . . hereby convey[s] all streets and rights-of-way shown hereon in fee simple to DeKalb County."

In an undated deed recorded on January 4, 1982, Shawn Development transferred to RTP all of the property within the townhome community, less and except "[a]ll that tract or parcel of land lying and being in Land Lot 233 of the 15th District, DeKalb County, Georgia, and being the individual Townhomes as shown in Plat of Royal Towne Park, Unit I, [as] recorded in Plat Book 72 . . . and being more particularly defined in the Declaration of Covenants, Conditions, and Restrictions of Royal Towne Park as recorded in Deed Book 4490." In the Declaration of Covenants, Conditions, and Restrictions, the Common Area of the subdivision, which is considered to be the property of RTP, is defined as "all areas other than that in the bounds of a Townhouse Lot, includ[ing] but not limited to the sidewalks and parking area, the street islands, *but excluding the street area*." (Emphasis supplied.) On June 17, 1982, DeKalb County notified Shawn Development that the roads in the Towne Park subdivision were satisfactory for county maintenance, thereby implicitly accepting the original dedication.

Based on these documents of conveyance, Royal Path Court must be considered a public street, having been dedicated to and accepted by DeKalb County. "Where the owner of a tract of land subdivides it into lots and records a map or plat showing such lots, with designated streets, and sells lots with reference to such map or plat, the owner will be presumed to have expressly dedicated the streets designated on the map to the public." (Punctuation and emphasis omitted.) *Smith v. State of Ga.*, 248 Ga. 154, 159 (2) (282 SE2d 76) (1981).

Although City Wide argues that, based on Georgia's race-notice recording system, the January 4, 1982 conveyance to RTP extinguished the rights of DeKalb County in the roads of the subdivision, such argument must fail. Georgia's recording acts are intended to protect bona fide purchasers of property who first record their deed without notice of a prior unrecorded interest in the same property. See OCGA § 44-2-2. As the deed of conveyance to RTP expressly referenced the plat on the face of which the dedication of streets to DeKalb County had been made, it cannot be said that RTP was without notice of this prior disposition of the same property. Accordingly,

Royal Path Court must be considered to be a public street, making it necessary to determine whether City Wide's towing of Hardin's car amounted to conversion.

(b) "[I]n order to be chargeable with conversion, technically it is not necessary that the defendant assert any right of ownership over the property; it is sufficient if the defendant wrongfully assumes dominion over the property inconsistent with the owner's right. . . . It is immaterial that such dominion was exercised in good faith, for [w]hoever meddles with another's property, whether as principal or agent, does so at his peril, and it makes no difference that in doing so he acts in good faith." (Punctuation omitted.) *Maryland Cas. Ins. Co. v. Welchel*, 257 Ga. 259, 261 (1) (356 SE2d 877) (1987).

OCGA § 40-11-3 generally gives the authority to tow cars from public streets to peace officers, law enforcement officers, and employees of the Department of Transportation. Leitch, who represented RTP, fits into none of these categories, and, accordingly, she had no authority to have Hardin's car towed. Therefore, RTP's agent, City Wide, also lacked authority. Id. Because it exercised dominion and control over Hardin's car without authority, City Wide is liable for conversion in spite of the fact that it acted in good faith.

The trial court concluded without explanation that under the facts of this case, he did not have to concern himself with whether or not the subject street was a public street as City Wide was acting as the agent of RTP. In granting summary judgment to City Wide, the trial court concluded that an agent could not be personally liable for removing a third party's car from a public street at the direction of its principal. As such the trial court erred in granting summary judgment in favor of City Wide on the issue of conversion.

2. The trial court properly granted summary judgment to City Wide with regard to Hardin's claim of intentional infliction of emotional distress. "The conduct complained of in support of a claim for intentional infliction of emotional distress must be extreme and outrageous. . . . Generally, the case is one in which the recitation of the facts to *an average member of the community* would arouse his resentment against the actor, and leave him to exclaim 'Outrageous!' . . . Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law." (Punctuation omitted.) *Williams v. Stepler*, 227 Ga. App. 591, 594 (2) (490 SE2d 167) (1997). On the facts of this case, there is absolutely no basis for this claim.

3. The trial court also properly granted summary judgment in favor of City Wide with regard to Hardin's claim for attorney fees. OCGA § 13-6-11 provides that a plaintiff may receive her expenses of litigation as damages where "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary

620

trouble and expense." We have reviewed the record and find no support for Hardin's claim for attorney fees on any of these bases.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 21, 1998.

Ruth C. Hardin, *pro se.*
*Dermer, Rogers & O'Neill, Jennie E. Rogers, Cobb, Grabbe & Spillers, John C. Grabbe IV,* for appellee.