A99A1521. WEBSTER v. DODSON et al.
(522 SE2d 487)

ELDRIDGE, Judge.

Plaintiff Kimberly Webster filed suit against defendants Stein Mart, Inc. and Sharon Dodson as an employee thereof, seeking recovery for assault and battery and intentional infliction of emotional distress.[1] The Chatham County Superior Court granted defendants' motion for summary judgment, and Webster appeals that judgment. Because Webster's claims are barred by the exclusivity clause of the

---

[1] An additional claim for tortious interference with employment relations was withdrawn by plaintiff.

Workers' Compensation Act, OCGA § 34-9-11 (a), we affirm the judgment of the court below.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). So viewed, the evidence establishes that defendant Dodson was employed as the Store Manager at the Stein Mart retail store on Abercorn Street in Savannah. Plaintiff Webster was employed therein as the Accessory Department Manager. The two women had a normal working relationship: "My [Webster's] experience with her [Dodson] was- I had had no really unpleasant problems with her. It was a normal manager and department manager relationship."

On February 4, 1997, during the parties' regular working hours, Dodson was answering a telephone complaint related to an incident that Webster may have witnessed earlier in Webster's department. Dodson motioned for Webster to stand near her in case Webster had information relevant to the complaint. While listening to the caller, Dodson wrote "complaint" on a piece of paper and showed it to Webster. In response, Webster began speaking to other employees who were present, stating "[i]t's not about me." At that point, Dodson's hand made contact with Webster's shoulder in order to "get her [Webster's] attention and to tell her to be quiet until I [Dodson] finished the conversation with the complaining customer." Webster's shoulder was bruised by Dodson's contact.

After Dodson concluded the telephone conversation, she attempted to talk to Webster about the complaint call. Dodson explained to Webster that "she was on the phone taking a complaint, and if the customer heard [Webster talking,] they would have gotten madder." However, Webster's shoulder was "hurting so bad the only thing I [Webster] am thinking about is leaving." Because of her shoulder pain, Webster left the store shortly after the incident; her husband drove her to the Memorial Medical Center Emergency Department for treatment. The next day, February 5, 1997, Webster saw an orthopedic doctor who prescribed shoulder strengthening exercises. Webster was authorized to return to work on the next day, February 6, 1997, which she did.

However, as a result of the incident, Webster began experiencing headaches, sharp chest pains, sleeplessness, and an inability to eat. Dr. Vernon Bryant diagnosed Webster as having post-traumatic stress syndrome from "going through something traumatic, like I had been through." Thereafter, Webster obtained psychological counseling and was prescribed Zoloft and Paxil "for nerves."

Because of emotional strain caused by the incident with Dodson,

Webster found it increasingly difficult to continue working at Stein Mart; on April 23, 1997, she resigned. On May 27, 1997, Webster filed suit against the defendants in the Superior Court of Chatham County seeking damages in excess of $180,000. On December 16, 1997, Webster filed a claim with the Workers' Compensation Board for "[l]eft shoulder contusion and emotional distress," seeking income benefits and medical benefits "based on an injury at work." Stein Mart's workers' compensation insurer paid $211.44 in medical benefits for Webster's injury.[2] On September 3, 1998, defendants filed a motion for summary judgment, contending, inter alia, that Webster's claims were barred by the exclusivity provision of the Workers' Compensation Act, OCGA § 34-9-11 (a). The trial court granted summary judgment to the defendants. *Held*:

Under OCGA § 34-9-11 (a), the Georgia Workers' Compensation Act is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker. *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993). In that regard, "An injury arises 'in the course of employment' when it occurs within the period of the employment, at a place where the employee may be in performance of her duties and while she is fulfilling or doing something incidental to those duties." (Citation omitted.) *Hennly v. Richardson*, 264 Ga. 355, 356 (1) (444 SE2d 317) (1994).

This bar also applies to intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business. *Wall v. Phillips*, supra at 491. Thus, if the wilful act of Dodson was directed toward Webster for reasons personal to Webster, then the Workers' Compensation Act provides no bar to tort liability. OCGA § 34-9-1 (4); *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. 14, 15 (506 SE2d 101) (1998).

Here, the undisputed evidence is that Dodson's physical contact with Webster arose during Dodson's attempts to obtain Webster's cooperation in order to better handle a telephone complaint; handling such complaints is part of a store manager's job. Thus, Dodson's actions were directed to Webster because of a work-related activity, occurring during working hours, and arising from the performance of Dodson's duties in furtherance of Stein Mart's business. The time, place, and circumstances under which the injury occurred were all work-related. See *Potts v. UAP-GA. AG. CHEM.*, supra at 15-16; *Hennly v. Richardson*, supra at 355.[3]

---

[2] From the record, it is unclear whether benefits were paid voluntarily or following an adjudication of the compensability of the underlying injury.

[3] Compare *Walsh Constr. Co. v. Hamilton*, 185 Ga. App. 105 (363 SE2d 301) (1987); *City*

Moreover, there is no evidence that Dodson's physical contact with Webster was made for reasons "personal" to Webster. Webster points to evidence in the record where, one month prior to the incident in question, Webster went to Dodson for aid in handling an employee and was unsatisfied with Dodson's response. However, Webster has produced no evidence of a causal connection between her prior experience with Dodson and the incident in question. In fact, Webster has consistently maintained that, prior to the incident in question, her relationship with Dodson was "respectful." Even in response to defendants' motion for summary judgment, Webster claimed that "prior to February 4, 1997, the relationship between Mrs. Webster and Sharon Dodson was just a normal one. There was no reason to believe that Ms. Dodson was angry with Mrs. Webster on that date."

"Accordingly, we find that the injury to [Webster] arose in the course of and out of her employment and that the exclusive remedies for her claims of [assault and] battery and intentional infliction of emotional distress are under the Georgia Workers' Compensation Act." *Hennly v. Richardson*, supra at 356 (1). The trial court properly granted defendants' motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 10, 1999.

*Clark & Clark, Fred S. Clark*, for appellant.
*Howard & Whatley, Molly M. Howard*, for appellees.

*of Atlanta v. Shaw*, 179 Ga. App. 148 (345 SE2d 642) (1986); *Murphy v. ARA Svcs.*, 164 Ga. App. 859, 863 (298 SE2d 528) (1982).