## A00A0168. SOLIS et al. v. LAMB.
(534 SE2d 582)

SMITH, Presiding Judge.

This case involves the exclusive remedy provision of the Georgia Workers' Compensation Act, OCGA § 34-9-11 (a). We granted interlocutory appeal in this case to consider the trial court's denial of summary judgment to defendants Santy and Ty Solis, who were fellow employees of plaintiff Marcie Lamb at R & S Sports. Because the record demonstrates, through Lamb's unwithdrawn admissions, that the injury alleged by Lamb occurred during the course and scope of her employment with R & S, the trial court erred in denying summary judgment on this ground. We therefore reverse.

Lamb brought this personal injury action against the Solises, contending that Ty Solis struck her on the arm and shoulder on several occasions, that Santy Solis condoned the behavior, and that Santy Solis verbally abused her. The Solises answered, denying the allegations, asserting the exclusivity provision of OCGA § 34-9-11 (a), and asserting a counterclaim against Lamb for amounts she allegedly owed for store merchandise. Shortly thereafter, the Solises served Lamb with requests for admission under OCGA § 9-11-36. Lamb has never responded to the requests, has never objected to the requests, and has never moved to withdraw her admissions.

The Solises then moved for summary judgment, relying in large part on Lamb's admissions by failure to respond to their requests for admission. The trial court granted summary judgment in favor of the Solises on the issue of intentional infliction of emotional distress and the counterclaim but denied summary judgment on the issue of the exclusivity doctrine.[1] This was error.

1. We first consider the question of Lamb's admissions under OCGA § 9-11-36. "Any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). The Supreme Court of Georgia has made the consequences of failure to

---

[1] "[C]laims for intentional infliction of emotional distress are not precluded by the exclusivity provisions of the Workers' Compensation Act. [Cit.]" *Sam's Wholesale Club v. Riley,* 241 Ga. App. 693, 697 (3) (527 SE2d 293) (1999). But Lamb did not cross-appeal from that portion of the trial court's ruling.

withdraw or amend such admissions very plain. "The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission." (Citations and punctuation omitted.) *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327, 331 (2) (486 SE2d 810) (1997). When, as here, a litigant relied below upon the legal effect of failure to respond to requests for admission and the nonresponding party did not move to withdraw admissions or

> avail itself of any of the variety of responses available under OCGA § 9-11-36 and chose not to seek the liberal remedies afforded to parties under the statute to avoid the consequences of a failure to respond, we hold that the subject matter of [the] requests for admission stood admitted. [Cits.]

Id.

While admissions may be withdrawn under the liberal procedures outlined in *Bass*, unwithdrawn and unobjected-to admissions may not simply be ignored. Lamb has utterly failed to address this dispositive issue; she did not respond in the trial court despite the Solises' repeated assertion of the exclusive remedy provision.[2] The requests for admission therefore stand admitted, and the matters admitted are "conclusively established" within the meaning of OCGA § 9-11-36 (b).

2. We therefore must consider the Solises' motion for summary judgment in light of Lamb's unwithdrawn admissions.

Under OCGA § 34-9-11 (a), the Workers' Compensation Act provides an exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker, as well as "to intentional torts committed by one worker against a co-worker, unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business. [Cit.]" *Webster v. Dodson*, 240 Ga. App. 4, 6 (522 SE2d 487) (1999).

> The exclusivity provision is the bedrock of the workers' compensation system. The legislature has determined that it is the quid pro quo for workers receiving a guarantee of prompt benefits for work-related injuries without regard to fault or common-law defenses and without the delay inherent in tort litigation.

---

[2] Lamb has also failed to address this issue on appeal, despite the Solises' extensive discussion in their brief of the legal effect of her admissions.

*Doss v. Food Lion*, 267 Ga. 312, 313 (2) (477 SE2d 577) (1996). Here, Lamb's unwithdrawn admissions acknowledge that both she and the Solises were "acting during the course and scope of her employment at the time of the alleged events as stated in the complaint." She also admitted that the Solises "did not act or refuse to act out of personal reasons directed against the plaintiff." The injury complained of accordingly falls within the scope of the exclusivity provisions of OCGA § 34-9-11 (a), and the trial court erred in denying summary judgment to the Solises on this basis. See *Webster*, supra.

*Judgment reversed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2000.

*Gardner, Willis, Sweat & Goldsmith, Christopher T. Ross,* for appellants.

*Farkas & Ledford, Leonard Farkas,* for appellee.