A01A0765. HEARD v. MITCHELL'S FORMAL WEAR, INC. et al.
(549 SE2d 149)

ANDREWS, Presiding Judge.

Deborah Heard appeals from the trial court's grant of summary judgment to Mitchell's Formal Wear on her claims for assault and battery, intentional infliction of emotional distress, and negligent supervision. For reasons which follow, we affirm the judgment of the trial court.

This case arose after an altercation between Heard and John Sullivan, another employee and assistant manager at the Mitchell's Formal Wear store (Mitchell's) where Heard worked. On the day of the incident, Heard was working in the front of the store and waiting on customers, and Sullivan was working in the back. It was Sullivan's day off, but he came in to finish some paperwork. He was dressed casually and did not intend to see any customers that day.

Heard waited on a customer who had talked to Sullivan previously and claimed Sullivan had offered him a discount. According to Heard, she went in the back to ask Sullivan to come talk to the customer, and Sullivan refused, telling her to handle it herself. Heard left, talked to the customer and again went back to ask Sullivan for help. Sullivan again refused and swore at Heard as she was leaving. Heard turned around and asked him what he had said, and Sullivan put his hand up near her face and swore at her again. Heard then

---

[13] *Yarbrough v. State*, 241 Ga. App. 777, 780 (4) (527 SE2d 628) (2000).

began swearing at Sullivan, and he pushed her on the shoulder. Heard pushed him back, and another employee came and separated them. Heard claimed that her "shoulders just snapped" when Sullivan pushed her.

Heard later filed the instant action against Sullivan and Mitchell's. Mitchell's moved for summary judgment, contending that Heard's claims were barred by the exclusive remedy provision of the Workers' Compensation Act, and the trial court granted the motion. This appeal followed.

1. As to Heard's claims of assault and battery and intentional infliction of emotional distress, this issue has already been decided adversely to Heard. See, e.g., *Solis v. Lamb*, 244 Ga. App. 8 (534 SE2d 582) (2000); *Webster v. Dodson*, 240 Ga. App. 4 (522 SE2d 487) (1999); *Baldwin v. Roberts*, 212 Ga. App. 546 (442 SE2d 272) (1994). Under OCGA § 34-9-11 (a), the Workers' Compensation Act (Act) is an employee's only remedy for the intentional torts of a co-worker, "unless the tortious act was committed for personal reasons unrelated to the conduct of the employer's business." *Webster*, supra at 6; *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993).

> In cases where an employee is injured in a physical altercation with another person occurring on the job but stemming from personal animosity, her injuries will nevertheless be considered compensable under the Workers' Compensation Act if it is shown that the animosity arose from reasons related to the employee's performance of her work-related duties. Conversely, if the animosity giving rise to the assault stemmed from reasons not related to the injured employee's performance of her work, then her injuries will not be considered compensable under the Act.

*Baldwin*, supra at 546.

In *Baldwin*, the owner told an employee to leave after she yelled at a customer. The argument escalated, and the owner called police to have the employee removed. The employee claimed that as police were taking her out of the store, the owner hit her in the face with his hand. This Court held that the employee's claim of battery was barred by the exclusive remedy provision of the Act. Id. at 547.

In *Webster*, the co-worker's "hand made contact with Webster's shoulder" in order to get Webster to be quiet while the co-worker talked on the phone to a complaining customer. Id. at 5. This Court concluded that Webster's only remedies for her claims of assault and battery and intentional infliction of emotional distress were under the Workers' Compensation Act. Id. at 7.

Likewise, in this case, the physical contact arose because Heard

was trying to convince Sullivan to help with one of the customers. Thus, Sullivan's actions were directed at Heard because of a work-related activity, occurring during working hours and arising from the performance of both Heard's and Sullivan's duties at Mitchell's. *Webster*, supra at 6.

Heard's argument that *Webster* does not apply in this instance because the employee in *Webster* suffered a bruise on her shoulder and Heard did not, is unpersuasive. Heard testified that her shoulders "snapped" when Sullivan pushed her. The employee in *Webster* said she was bruised. Id. at 5. This is a distinction without a difference. Accordingly, Heard's tort claims for assault and battery and intentional infliction of emotional distress are barred by the exclusive remedy provision of the Act, and the trial court correctly granted summary judgment to Mitchell's.

2. In addition, Heard has not come forward with any evidence sufficient to create an issue of fact on her claim of negligent supervision or training. As she correctly states in her brief, in order to support this claim, she must come forward with evidence that the employer knew or should have known of the employee's violent or criminal propensities. *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 878 (429 SE2d 264) (1993). Heard's only evidence in support of this claim is Sullivan's deposition statement in which he admitted that he had thrown things such as pens, pads or pencils on the counter when he was upset. She also claims Thomas Blose, the store manager, told her that "Everyone knows how John panics and so forth when he is working. That's why we all stay clear of him." This statement is hearsay, and even if it were admissible, it does not show any violent propensity. Blose himself testified that he never had any problems with Sullivan and considered him to be a good assistant manager. Moreover, Heard admitted that she knew of no other similar altercations between Sullivan and a co-worker. Accordingly, the trial court correctly granted summary judgment on this claim.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 4, 2001.

*Robert Kenner, Jr.,* for appellant.
*Ford & Harrison, John L. Monroe, Jr., Barnhart, O'Quinn & Williams, Steven D. Barnhart,* for appellees.