A04A0472, A04A0473. LEWIS v. NORTHSIDE HOSPITAL, INC. et al. (two cases).

(599 SE2d 267)

JOHNSON, Presiding Judge.

Patricia Lewis sued her co-worker Alicia Moore for assault and battery and intentional infliction of emotional distress arising from a

---

shoving incident which occurred during the course of their employment at Northside Hospital, Inc. Lewis also sued Northside for negligent retention and respondeat superior. Moore asserted a counterclaim against Lewis for assault and battery. In Case No. A04A0472, Lewis appeals the grant of summary judgment to Northside and Moore. In Case No. A04A0473, Lewis appeals the trial court's denial of her motion for attorney fees in connection with her defense of Moore's counterclaim. The two cases are consolidated on appeal. For reasons set forth below, we affirm the judgment of the trial court in Case No. A04A0472, and we dismiss as moot the appeal in Case No. A04A0473.

### Case No. A04A0472

Lewis and Moore were Northside employees and worked in the hospital pharmacy. When Lewis came to work she found aspirin tablets on a cart she used in preparing medications. Lewis moved the tablets to a counter. Several days later Lewis found the loose aspirin tablets on her desk and she put them back on the counter. Later that morning, Moore approached Lewis with the pills and wanted to put them on Lewis's desk. Lewis told Moore to put the pills in the outdate bin. Lewis and Moore then began to yell at each other.

Pharmacy supervisor Patricia Gilley entered the room during the argument and tried to calm the situation. Lewis and Moore both tried to talk to Gilley. Lewis then stepped in between Moore and Gilley with her back facing Moore. According to Lewis, she then felt a "punch, poke, or something in my back from [Moore]," which Lewis described as more annoying than painful. Lewis turned around and shoved Moore, who fell over some bins. Northside terminated Lewis's and Moore's employment as a result of the incident.

1. Lewis claims the trial court erred in granting summary judgment to Northside and Moore because her claims were not barred by the exclusive remedy doctrine of the Georgia Workers' Compensation Act (the "Act"). The Act provides, in relevant part:

> The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer.[1]

---

[1] OCGA § 34-9-11 (a).

We have consistently found that injuries suffered by an employee in a work-related battery at the hands of a fellow employee are compensable under the Act and damage claims associated with the battery are barred by the Act's exclusive remedy provision.[2] Lewis does not contest that her claim is work-related. She nevertheless contends that the cases finding work-related battery claims to be barred by the Act are distinguished by the nature of her injuries. Lewis argues that she suffered nonphysical injuries which are not compensable under the Act and therefore are not barred by the Act's exclusive remedy provision. We disagree.

Lewis bases her argument on cases such as *W. W. Fowler Oil Co. v. Hamby*,[3] in which we found that the mental injuries of an employee who was a victim of an armed robbery were not compensable under the Act. The employee was not physically harmed in the incident even though the perpetrator touched his gun to the employee's head.[4] However, in the more recent cases of *Southwire Co. v. George*,[5] and *Abernathy v. City of Albany*,[6] our Supreme Court has confirmed that in order for a claimant to receive benefits under the Act for mental disability the psychic trauma must arise out of an accident in which a compensable physical injury was sustained.[7]

The issue here, however, is whether the Act's exclusive remedy provision bars Lewis's action and not whether her injuries are compensable under the Act. The analysis of these issues is not the same because an injury may not be compensable under the Act yet be considered to be within its "purview" so as to bar related claims.[8] Accordingly, the most persuasive authority is found in those cases directly addressing the Act's exclusive remedy provision.

*Bryant v. Wal-Mart Stores*,[9] shows that where an employee suffers a physical injury in the course of employment that a related claim for mental damages will be barred by the Act's exclusive remedy provision. At issue in *Bryant* was a claim for false imprisonment of the

---

[2] *Heard v. Mitchell's Formal Wear*, 249 Ga. App. 492, 493-494 (1) (549 SE2d 149) (2001); *Webster v. Dodson*, 240 Ga. App. 4, 6 (522 SE2d 487) (1999); *Fountain v. Shoney's Big Boy*, 168 Ga. App. 489, 490 (309 SE2d 671) (1983).

[3] 192 Ga. App. 422 (385 SE2d 106) (1989).

[4] Id.

[5] 266 Ga. 739 (470 SE2d 865) (1996).

[6] 269 Ga. 88 (495 SE2d 13) (1998).

[7] Id. at 91.

[8] See *Boulware v. Quiktrip Corp.*, 226 Ga. App. 399, 400 (486 SE2d 662) (1997) (whether appellant's injuries are compensable under the Act not dispositive of whether action falls within the Act's exclusivity provision); *Zaytzeff v. Safety-Kleen Corp.*, 222 Ga. App. 48, 51-52 (2) (473 SE2d 565) (1996) (appellant's claims for psychological injuries were " 'inextricably linked' " to appellant's workers' compensation claim for physical injury or occupational disease); *Johnson v. Hames Contracting*, 208 Ga. App. 664, 668 (4) (c) (431 SE2d 455) (1993).

[9] 203 Ga. App. 770 (417 SE2d 688) (1992).

deceased by his employer, Wal-Mart. The deceased worked on a restocking crew during the night shift. Per Wal-Mart policy, employees on the night shift were locked in the store without a key until it opened the next day. The deceased suffered a stroke and collapsed. An emergency crew, though arriving at the scene within minutes, was unable to enter the store to render assistance. We found that the claims for the death of the deceased were barred by the exclusive remedy provision of the Act because the deceased was injured in the course of employment.[10] We then considered appellant's argument that the deceased's nonphysical injuries were not covered by the Act and so should not be barred by its exclusive remedy provision:

> That an injury is not *compensable* under the [A]ct does not necessarily mean it is not within the *purview* of the [A]ct. In exchange for the right to recover scheduled compensation without proof of negligence on the part of the employer in those cases in which a right of recovery is granted, the employee forgoes other rights and remedies which he might otherwise have had, but if he accepts the terms of the Act he as well as the employer is limited to those things for which the [A]ct makes provision. Appellant argues that the deceased's nonphysical injuries and subsequent death occurred due to the inability of the emergency medical personnel to render prompt medical attention. That injuries to the deceased's peace, happiness, and feelings may not be compensable under the Act does not take those injuries out of the purview of the Act. Accordingly, we hold that under the facts of this case, the Workers' Compensation Act provides the exclusive remedy and precludes appellant's common law tort action.[11]

*Bryant* was distinguished in *Oliver v. Wal-Mart Stores.*[12] In that case the employee sued Wal-Mart, her manager, and a security guard for libel, slander, and intentional infliction of emotional distress in connection with an incident in which the employee was accused of taking a 10¢ cup of ice without paying for it. We concluded that the appellant's claims were not barred by the exclusive remedy provision of the Act.

> This court has held that to be compensable under the Act, the injury must be a physical injury or harm. It is undisputed that the only injury involved in this case is a non-physical

---

[10] Id. at 772 (1).

[11] (Citations and punctuation omitted; emphasis in original.) Id.

[12] 209 Ga. App. 703 (434 SE2d 500) (1993).

one. Appellees . . . argue that the injury is nevertheless compensable because it arose out of and in the course of employment. However, *Bryant* is distinguishable from this case because in that case, there was a physical injury connected to the non-physical injuries claimed by plaintiff. We conclude that since the only injury involved in this case is a non-physical one, it is not one which is compensable under the Act.[13]

We find this case to be more like *Bryant* than *Oliver*. As in *Bryant*, Lewis's claim for mental damages are ancillary to a physical occurrence arising in the course of employment: In *Oliver*, by contrast, the plaintiff's claims were based on claims of libel and slander with no connection to any physical injury.[14] Lewis contends she was not physically harmed by the alleged battery. However, the complaint alleges that Moore "struck" Lewis, and Lewis describes the contact as a minor punch or poke, and not an incidental contact.[15] Thus the evidence, even viewed most favorably to Lewis for this purpose, shows some, if very small, level of physical harm. Furthermore, a battery is considered to be a physical injury. "In the interest of one's right of inviolability of one's person, any unlawful touching is a physical injury to the person and is actionable."[16] Accordingly, we find Lewis's claims are barred by the exclusive remedy provision of the Act because Lewis was injured in a work-related incident and Lewis's battery claim, which underlies her claim for nonphysical damages, relies on a showing of physical injury.

2. Lewis claims the trial court erred in granting summary judgment on her claim for intentional infliction of emotional distress. We again disagree.

"A claim for intentional infliction of emotional distress has four elements: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe."[17]

---

[13] (Citations omitted.) Id. at 704.

[14] See, e.g., *Kollman v. Intl. Brotherhood of Electrical Workers &c.*, 2003 U. S. Dist. LEXIS 15893 at 16-17 (N.D. Ga. 2003) (only where there is no physical injury whatsoever have Georgia courts found claims for emotional distress to be outside the purview of the Act).

[15] See *Webster*, supra at 5 (co-worker's "hand made contact with Webster's shoulder"), and *Heard*, supra at 493 (co-worker shoved another in the shoulder).

[16] (Citations, punctuation and emphasis omitted.) *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264, 265 (1) (387 SE2d 593) (1989).

[17] (Citation omitted.) *Pyle v. City of Cedartown*, 240 Ga. App. 445, 447 (2) (524 SE2d 7) (1999).

The conduct complained of in support of a claim for intentional infliction of emotional distress must be extreme and outrageous. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and leave him to exclaim "Outrageous!" Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.[18]

Factors showing sufficiently egregious conduct include a relationship in which one person has control over another, an actor's awareness of a victim's particular susceptibility, and severity of harm.[19] Applying these factors, there is no evidence that Moore had any degree of control over Lewis, there is no evidence Moore believed Lewis to be especially vulnerable to a shove, and the severity of harm to Lewis was small. We hold that the evidence viewed most favorably to Lewis does not show conduct by Northside or Moore which rises to the level of outrageous behavior required to support an action for intentional infliction of emotional distress.

## Case No. A04A0473

3. Moore asserted a counterclaim against Lewis for assault and battery. After the trial court granted Lewis's motion for summary judgment on Moore's counterclaim, Lewis moved for an award of attorney fees and expenses of litigation in connection with her defense of that counterclaim. Lewis now contends the trial court erroneously denied her motion for fees but she mistakenly addresses her arguments to the merits of that motion. The trial court never ruled on the merits of Lewis's fee motion. Rather, the trial court denied the motion on the grounds that Lewis's appeal of the order granting summary judgment to Northside and Moore had divested the trial court of jurisdiction on the question of attorney fees.[20] Whether the trial court reasoned correctly in determining that it had no jurisdiction, the trial court may now consider Lewis's fee motion on

---

[18] (Citation, punctuation and emphasis omitted.) *Hardin v. City Wide Wrecker Svc.*, 232 Ga. App. 617, 619 (2) (502 SE2d 548) (1998).

[19] *Trimble v. Circuit City Stores*, 220 Ga. App. 498, 499-500 (469 SE2d 776) (1996).

[20] Compare *City Council of Sparta v. Patterson*, 178 Ga. App. 733 (344 SE2d 711) (1986) (trial court does not have jurisdiction to award attorney fees in a case which is pending appeal), with *Cohran v. Carlin*, 249 Ga. 510, 511 (291 SE2d 538) (1982) (matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court). Here the fee motion is not addressed in the arguments and we need not determine the question.

its merits. Accordingly, we dismiss Lewis's appeal as moot.

*Judgment affirmed in Case No. A04A0472. Case No. A04A0473 dismissed as moot. Smith, C. J., and Phipps, J., concur.*

DECIDED MAY 6, 2004.

*Melville Johnson, Christopher D. Vaughn*, for appellant.

*Burr & Forman, John A. Howard, Kwende B. Jones, Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Matthew P. Lazarus*, for appellees.