A08A1748. THE COCA-COLA COMPANY et al. v. PARKER.
(677 SE2d 361)

SMITH, Presiding Judge.

Fannie Parker sued her former employer, The Coca-Cola Company ("Coca-Cola"), and her former supervisor, John Ewing, for intentional infliction of emotional distress. The defendants moved for summary judgment on several grounds. The trial court denied the motion, but issued a certificate of immediate review, and we granted the defendants' application for interlocutory appeal. Because Parker's claim was barred by the exclusive remedy doctrine of

---

Georgia's Workers' Compensation Act, we reverse.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

*Webster v. Dodson*, 240 Ga. App. 4, 5 (522 SE2d 487) (1999).

Viewed in the light most favorable to Parker, the evidence reveals that in 1994, Parker began working for Coca-Cola as a utility operator and was responsible for monitoring the machines that poured syrup into bags. In July 1997, Parker injured her back, neck and knee when she was hit by a pallet of cardboard that was being moved by a forklift.[1] Parker's physician restricted her from prolonged standing and lifting over her head.

In March 1998, Ewing became Parker's supervisor. At some time thereafter, Parker reported her restrictions to Ewing. Parker claimed that she visited her physician again on July 28, 1998, because she had pain in her arm, shoulders, back and neck, and that her physician restricted her from bending or lifting anything heavier than 20 pounds. She claimed that the pain she suffered was caused when Ewing "asked [her] to go back there and pick up some boxes and put them on the machine, which they weighed more than I did at that particular time." She stated that she suffered pain when Ewing asked her to lift material that weighed 70 to 80 pounds. Parker reminded Ewing of her restrictions, but Ewing told her to continue working, and even asked Parker to move leaking bags of syrup that weighed 50-60 pounds.

In October 1998, Parker moved four-foot-long bins that exceeded her medical restrictions. She stated that after doing so, she experienced pain in her shoulder, arms, and back, and also experienced depression and anxiety. Parker deposed that Ewing often belittled her. She stated that she cried when Ewing told her that the "only thing [she] was good enough to do is clean the floors." Ewing also told Parker she would have to do what she was asked or "find another job," and that the "only thing [she] was good for is to clean the filters and the floors or clean up behind the other employees." She explained that she suffered from anxiety when Ewing asked her

---

[1] In her brief, Parker claims that she received her injuries in an automobile accident several years earlier and makes no reference to the work-related injury. But in her deposition, Parker mentions that she injured her shoulder in an automobile accident, but clearly states that she was also injured when she was hit by the pallet at Coca-Cola and that she received medical care for that injury.

to do things that were beyond her medical restrictions. In October 1998, Parker was admitted to the hospital for "stress on the job" and pain in her shoulders and arms.[2] She testified that in the fall of 1998, her duties changed and she was assigned to clean the building. In July 1999, Parker left work on disability. She subsequently left Coca-Cola's employ on October 15, 1999.

1. On appeal, Coca-Cola contends that Parker's claim for intentional infliction of emotional distress is barred by the exclusive remedy doctrine of the Georgia Workers' Compensation Act. We agree. OCGA § 34-9-11 (a) provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death. . . ." And "where an employee suffers a physical injury in the course of employment[,] . . . a related claim for mental damages will be barred by the [Workers' Compensation] Act's exclusive remedy provision." *Lewis v. Northside Hosp.*, 267 Ga. App. 288, 290 (1) (599 SE2d 267) (2004) (plaintiff's claim barred where mental injury stemmed from shoving incident with co-worker).

Here, Parker deposed that she suffered a physical injury in the course of her employment when she was hit by a pallet of cardboard and that as a result she was put on certain physical restrictions. Following this physical injury, Parker suffered a psychic injury, also in the course of her employment and related to her physical injury, when Ewing requested that she perform duties that exceeded those restrictions. Under these facts, Parker's "claim for mental damages [is] ancillary to a physical occurrence arising in the course of employment." *Lewis*, supra, 267 Ga. App. at 292 (1); see, e.g., *DeKalb County Bd. of Ed. v. Singleton*, 294 Ga. App. 96, 99-100 (668 SE2d 767) (2008) (psychological injury compensable only if it arises naturally and unavoidably from discernible physical occurrence). Parker's tort claim is therefore barred by the exclusivity provision of the Workers' Compensation Act, and the trial court erred in denying the defendants' motion for summary judgment on this ground. See *Lewis*, supra, 267 Ga. App. at 292 (1).

2. The appellants' remaining enumerations are rendered moot by our holding in Division 1.

*Judgment reversed. Mikell and Adams, JJ., concur.*

---

[2] It is not clear whether Parker received workers' compensation benefits for either her mental injury or her earlier physical injury. The appellants contend that Parker received workers' compensation benefits for both injuries, but cite only to evidence of Parker's short-term disability and medical leave. Parker claims in her brief that she only received short-term disability benefits under an insurance plan she purchased through Coca-Cola.

DECIDED MARCH 26, 2009 —
RECONSIDERATION DENIED APRIL 14, 2009 —

*Swift, Currie, McGhee & Hiers, Molly J. Prodgers, Christopher R. Reeves*, for appellants.

*Maurice J. Bernard III*, for appellee.